1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JAMES OLIVER,

11              Plaintiff,                    No. CIV S-06-0390 MCE EFB P

12         vs.

13    TOM CAREY, et al.,

14              Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

15    _____/

16         Plaintiff is a prisoner without counsel prosecuting this civil rights action *in forma*

17    *pauperis*. *See* 42 U.S.C. § 1983; 28 U.S.C. § 1915(a).  The case was referred to this court by

18    Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

19         The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and, for the

20    following reasons, finds it fails to state a claim for relief.

21         To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant

22    deprived plaintiff of a right secured to him by the Constitution or laws of the United States while

23    acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  To state a claim

24    defendants provided constitutionally inadequate medical care, plaintiff must allege acts or

25    omissions evidencing defendants knew of and disregarded plaintiff's serious medical needs.

26    *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

1    Neither negligence on the part of defendants nor plaintiff's general disagreement with the

2    treatment he received suffices to state a claim.  *Estelle*, 429 U.S. at 106; *Hutchinson v. United*

3    *States*,  838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir.

4    1996).  A supervisor is liable for constitutional violations of his subordinates if he participated in

5    or directed the violations, or knew of the violations and failed to act to prevent them, *Taylor v.*

6    *List*, 880 F.2d 1040, 1045 (9th Cir. 1989), or if he implemented a policy so deficient that the

7    policy itself is a repudiation of constitutional rights and is the moving force of the constitutional

8    violation, *Hansen v.  Black*, 885 F.2d 642, 646 (9th Cir.1989).

9        Plaintiff alleges the following: (1) defendant Noriega twice in four months scheduled

10   plaintiff for surgery to mend a torn tendon, but failed to complete the paperwork necessary to

11   ensure plaintiff actually received the surgery; (2) defendant Mahmoud prescribed pain

12   medication for plaintiff's torn tendon and recommended that plaintiff see an orthopedic

13   specialist, but failed to complete the paperwork necessary to ensure the referral; (3) defendants

14   Soloman and Thor reviewed plaintiff's grievance about the delay in surgery but did not intervene

15   to ensure that plaintiff promptly receive the recommended surgery.

16       Plaintiff's allegations against defendants Noriega and Mahmoud amount to no more than

17   negligence.  Without allegations that their subordinates violated plaintiff's constitutional rights,

18   defendants Soloman and Thor cannot be responsible for such violations.  Furthermore, the

19   allegations are insufficient to state a claim that Soloman and Thor are subject to liability in

20   accordance with *Hansen*.

21       Accordingly, it is hereby RECOMMENDED that this action be dismissed for plaintiff's

22   failure to state a claim. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128

23   (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file

24   amended complaint unless the court can rule out any possibility that the plaintiff could state a

25   claim).

26   ////

1    These findings and recommendations are submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days

3    after being served with these findings and recommendations, any party may file written

4    objections with the court and serve a copy on all parties.  Such a document should be captioned

5    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

6    within the specified time may waive the right to appeal the District Court's order. *Turner v.*

7    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

8    Dated:  January 17, 2007.

9

10

11                                    EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26