IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES OLIVER,                                              No. 2:06-cv-00390-MCE-EFB P

    Plaintiff,

  vs.                                                            ORDER

THOMAS CAREY, et al.,

    Defendants.
_____/

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    Defendants Solomon and Thor filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] On December 2, 2009, the magistrate judge filed findings and recommendations, recommending that defendants' motions to dismiss be denied. These findings and recommendations were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days.

---

[1] This action also proceeds against defendants Noriega and Mahmoud.

1

Defendant Solomon filed objections on December 8, 2009, defendant Thor filed objections on December 23, 2009, and plaintiff filed responses to defendants' objections on January 11 and January 20, 2010.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.

On January 17, 2007, the magistrate judge, after screening the operative complaint pursuant to 28 U.S.C. § 1915A, recommended that this action be dismissed for failure to state a claim.[2] Dckt. No. 13. On March 8, 2007, the undersigned adopted those findings and recommendations, and judgment was duly entered. Dckt. Nos. 17, 18. Plaintiff appealed that judgment to the Court of Appeals for the Ninth Circuit. Dckt. No. 19. The Ninth Circuit reversed, and stated that "[a]ccepting Oliver's allegations as true and construing the pro se complaint liberally, we cannot say at this early stage in the proceedings that Oliver fails to state a claim for deliberate indifference." Dckt. No. 25 at 3. The Ninth Circuit remanded the case to this court for further proceedings. Id.

Thereafter, the magistrate judge found service appropriate for defendants Thor, Soloman, Noriega, and Mahmoud, based upon plaintiff's claims that defendants were deliberately indifferent to plaintiff's serious medical needs. Dckt. No. 27.

Defendants Soloman and Thor subsequently moved to dismiss on the ground that plaintiff failed to state a claim for relief against them. Dckt. Nos. 30, 36. According to defendants, the only allegations against them pertain to their involvement in processing plaintiff's administrative appeal, which they assert, cannot support a claim for relief under 42 U.S.C. § 1983.

The magistrate judge found that defendants were essentially seeking reconsideration of the Ninth Circuit's order and that this court could not reconsider that order. Dckt. No. 54 at 2. Accordingly, the magistrate judge recommended denial of defendants' motions on that basis. Id.

---

[2] The operative complaint in this action is the second amended complaint, which was filed on December 20, 2006. Dckt. No. 12.

2

In their objections to the finding and recommendations, defendants assert that the Ninth Circuit, in finding plaintiff had stated a claim for relief, relied on allegations and language that do not appear in the operative complaint. Dckt. Nos. 55, 56.

Having reviewed the operative complaint, the undersigned agrees that it does not contain the allegations that the Ninth Circuit referenced in its memorandum. However, the undersigned agrees with the Ninth Circuit's conclusion that plaintiff has stated a deliberate indifference claim against defendants Soloman and Thor. Plaintiff alleges that he had been scheduled for corrective treatment and surgery for a triceps tendon tear, but before the treatment and surgery could be done, he was transferred to another institution. Dckt. No. 12 at 3. Plaintiff alleges that after being transferred, he suffered from severe pain because defendants Noriega and Mahmoud failed to complete the proper paperwork or complete any follow-up to ensure that plaintiff was seen and treated by the orthopedic department or otherwise provided with adequate medical treatment.. Id. at 3-4. As to defendants Solomon and Thor, plaintiff alleges the following:

> Dr. Donald Soloman and Dr. Daniel E. Thor both collectively read, signed, and were [aware] of Petitioner's repeated request for treatment by means of Petitioner's inmate 602 grievance which Dr. Soloman responded to at the First level on March 11, 2005, and Dr. Thor responded to on February 15, 2005.
>
> Neither doctor did anything to assist or even help Petitioner receive the ordered and needed treatment. In fact Petitioner did not receive surgery for his severe medical needs until December of 2005, almost two (2) years after being diagnosed and all four (4) doctor were aware and did absolutely nothing to expedite Petitioner's treatment.
>
> Doctor's [sic] Soloman and Thor collectively were deliberately indifferent to Petitioner's serious medical needs, a violation of Petitioner's 8th and 14th amendment civil rights as were Dr. Noriega and Dr. Mahmoud. Petitioner suffered severe continual and chronic pain for some 21 months before receiving the much needed surgery ordered and never done by numerous doctors, which included but is not limited to Dr. Noriega, Dr. Mahmoud, Dr. Soloman, and Dr. Thor collectively.

Id. at 5. Plaintiff states a deliberate indifference claim by alleging that despite his repeated requests for medical treatment, defendants Soloman and Thor, both doctors, did nothing to assist plaintiff in receiving adequate medical care.

3

1 | Accordingly, IT IS HEREBY ORDERED that for the reasons stated above:

2 | 1. Defendant Solomon's July 16, 2009, motion to dismiss is denied;

3 | 2. Defendant Thor's August 19, 2009, motion to dismiss is denied; and,

4 | 3. Defendants Solomon, Thor, and Noriega are directed to file an answer within thirty

5 | (30) days of the date of the electronic filing of this order.[3]

Dated: March 9, 2010

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Defendant Mahmoud has not yet been served with process.