1
2
3
4
5
6
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES OLIVER,

11              Plaintiff,                    No. CIV S-06-0390 MCE EFB P

12        vs.

13   TOM CAREY, et al.,

14              Defendants.                   ORDER

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  Currently pending before the court are plaintiff's Motion for Substitution of

18   Parties (Docket No. 71), defendant Mahmoud's Motion to Modify the Discovery and Scheduling

19   Order (Docket No. 76), and defendant Solomon's Motion to Compel and to Modify Scheduling

20   Order (Docket No. 77).  For the reasons provided below, plaintiff's motion will be denied,

21   defendant Mahmoud's motion will be granted, and defendant Solomon's motion will be granted

22   in part.

23   I.    Background

24        This action proceeds on the December 20, 2006 amended complaint in which plaintiff

25   alleges that defendants were deliberately indifferent to his serious medical needs by failing to

26   appropriately respond to and treat a condition in his elbow and triceps.  Dckt. No. 12, Am.

1

Compl. at 3-5.  The court ordered service of the complaint on defendants Noriega, Mahmoud, Solomon, and Thor on May 5, 2009.  Dckt. No. 29.  On March 10, 2010, the court ordered defendants Solomon, Thor, and Noriega to file an answer within 30 days of that date.  Dckt. No. 59.  The same day, the court again ordered service on defendant Mahmoud, who had not yet been served.  Dckt. No. 60.  Defendant Solomon filed an answer on March 22, 2010, and defendants Noriega and Thor filed an answer on April 8, 2010.  Dckt. Nos. 64, 65.

On April 12, 2010, the court issued a discovery and scheduling order, setting the following deadlines: (1) for requesting written discovery at May 7, 2010, (2) for completing discovery and filing discovery motions at July 9, 2010, and (3) for filing dispositive motions at October 1, 2010.  Dckt. No. 67.  Defendant Mahmoud returned an executed waiver of service on May 12, 2010.  Dckt. No. 69.

## II.    Plaintiff's Motion for Substitution of Parties

On April 28, 2010, defendant Noriega filed a Suggestion of Death pursuant to Federal Rule of Civil Procedure 25(a)[1], notifying all parties of the death of defendant Thor.  Dckt. No. 68.  Plaintiff responds by seeking to substitute in defendant Thor's place "the successor or representative CSP-Solano Chief Medical Officer Alvaro C. Traquina M.D. who at all times is responsible for making policy, supervising medical staff employees, [and] is responsible for conditions and operations at the prison."  Dckt. No. 71 at 1.  Defendants Noriega and Mahmoud oppose the motion, arguing that defendant Thor was sued in an individual, rather than official, capacity, and thus Dr. Traquina is not a proper party for substitution.  Dckt. No. 74.

Rule 25 provides:

(a) Death.

   (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or

---

[1] All future references to a "Rule" herein refers to a rule contained in the Federal Rules of Civil Procedure unless otherwise noted.

representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

***

(d) Public Officers; Death or Separation from Office. An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

A "proper party" under Rule 25(a)(1) is the legal representative of the deceased party; e.g., an executor of the deceased's will or an administrator of his or her estate.  *Mallonee v. Fahey*, 200 F.2d 918, 920 (9th Cir. 1952).  Thus, substitution of Dr. Traquina is not appropriate under Rule 25(a)(1).

To determine whether Dr. Traquina may be substituted for defendant Thor under Rule 25(d), the court must determine whether plaintiff sued defendant Thor in his official capacity, as Rule 25(d) only provides for substitution of a successor in office where the original defendant was sued in his official capacity.  Plaintiff's complaint is silent as to whether the defendants are sued in their personal and/or official capacities.  Thus, the court must look at the content of the complaint and the course of the proceedings to make the personal vs. official capacity determination.  *See Ashker v. Cal. Dep't of Corr.*, 112 F.3d 392, 395 (9th Cir. 1997); *Shoshone-Bannock Tribes v. Fish & Game Comm'n*, 42 F.3d 1278, 1284-85 (9th Cir. 1994).

To establish a claim against a state actor in his or her official capacity under 28 U.S.C. § 1983, a plaintiff must show that the entity employing the actor had some policy or custom that played a part in the alleged violation of federal law.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991). "Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law," and thus a plaintiff may establish personal liability in a § 1983 case simply by showing that the state actor, acting under color of state law, caused the deprivation of a federal right, without any requirement of a connection to a

3

1   governmental policy or custom.  *Id.*  In addition, a suit against a state official in her official

2   capacity is considered a suit against the state itself, and thus claims for money damages in such

3   suits are barred by the Eleventh Amendment.  *Ashker*, 112 F.3d at 395 & n.3.  Accordingly,

4   where money damages are sought against a state official, it is presumed that the official is sued

5   in her individual capacity.  *Shoshone-Bannock Tribes,* 42 F.3d at 1284.

6          Here, plaintiff's complaint seeks only monetary damages.  Dckt. No. 12, Am. Compl. at

7   3.  In addition, the complaint makes no reference to any policy or custom, much less alleges that

8   such a policy or custom played a part in defendant Thor's alleged constitutional violation(s).

9   Thus, it is apparent from plaintiff's complaint that he sued defendant Thor in his individual, and

10  not official, capacity.  Accordingly, substitution of Dr. Traquina under Rule 25(d) is

11  inappropriate.

12         As Dr. Traquina is not the proper party for substitution under Rule 25(a) and may not be

13  substituted under the successor-official provision of Rule 25(d), and as plaintiff points to no

14  other authority under which substitution of Dr. Traquina for defendant Thor would be

15  appropriate, the court will deny plaintiff's motion to substitute Dr. Traquina for defendant Thor.

16  The denial of plaintiff's motion is without prejudice to plaintiff filing a new substitution motion

17  under Rule 25 seeking to substitute a proper party for defendant Thor.

18  **III.     Defendant Mahmoud's Motion to Modify the Discovery and Scheduling Order**

19         The October 1, 2010 deadline for filing dispositive motions was established by the April

20  12, 2010 discovery and scheduling order.  Dckt. No. 67.  Requests to modify a deadline

21  established by the scheduling order are governed by Rule 16 of the Federal Rules of Civil

22  Procedure.  A schedule may be modified upon a showing of good cause.  Fed. R. Civ. P. 16(b).

23  Good cause exists when the moving party demonstrates he cannot meet the deadline despite

24  exercising due diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.

25  1992).

26  ////

According to defendant Mahmoud, good cause exists to modify the discovery and scheduling order because he was not a party to that order, as his response to the complaint was not due until after the order was entered and, in fact, after the cut-off for serving requests for written discovery provided in the order had passed.  Plaintiff has filed no opposition to defendant Mahmoud's motion.  The court agrees that the facts presented by defendant Mahmoud establish good cause for modifying the order.  Accordingly, the court will grant defendant Mahmoud's motion to modify the discovery and scheduling order to permit him to propound written discovery and file any necessary motions to compel until October 7, 2010.  The court will further modify the order to allow all defendants until January 7, 2011 to file dispositive motions.

**IV.  Defendant Solomon's Motion to Compel and Modify the Scheduling Order**

Defendant Solomon moves for an order compelling plaintiff to provide further responses to certain discovery requests.  Specifically, defendant Solomon contends that plaintiff provided deficient responses to: (1) his first set of requests for admissions ("RFAs"), numbers 1-3; (2) his first set of interrogatories, numbers 1-4. 10-12, 17, 19-20, 22-25; and (3) his first set of requests for production of documents ("RFPs"), numbers 4, 8, and 9-11.  The court will address each alleged deficient response in turn.

**A.  Requests for Admissions**

Defendant takes issue with the following RFA responses provided by plaintiff:

Request No. 1: Defendant, Dr. Solomon never acted at any time with deliberate indifference with respect to any serious medical need by YOU.

Response: Yes.

Request No. 2: Defendant, Dr. Solomon did not interfere with the delivery of the orthopedic consult that defendant Dr. Mahmoud ordered for YOU on November 17, 2004.

Response: Dr. Solomon was "deliberate indifferent" [sic] by failing to provide adequate care to expedite plaintiff need for (urgent) treatment.

////

////

1    <u>Request No. 3</u>: Defendant, Dr. Solomon had no authority or control over
     the time of delivery of the orthopedic consult that defendant Dr. Mahmoud
2    ordered for YOU on November 17, 2004.

3          <u>Response</u>: Dr. Solomon failed to act upon the physicians order 5-4-04.
           (see Exhibit "J" Health Care Services Physicians request for Service.
4

5    Def. Solomon's Mot. to Compel, Ex. D, Decl. of Francis D. Conway.  Defendant Solomon

6    argues that these responses are vague, evasive and unresponsive.

7          Rule 36(a)(4) provides the proper procedure for responding to RFAs:

8          If a matter is not admitted, the answer must specifically deny it or state in detail
           why the answering party cannot truthfully admit or deny it.  A denial must fairly
9          respond to the substance of the matter; and when good faith requires that a party
           qualify an answer or deny only a part of a matter, the answer must specify the part
10         admitted and qualify or deny the rest.  The answering party may assert lack of
           knowledge or information as a reason for failing to admit or deny only if the party
11         states that it has made reasonable inquiry and that the information it knows or can
           readily obtain is insufficient to enable it to admit or deny.
12

13   While the court recognizes that plaintiff, as a pro se litigant, may not be well-learned in the art of

14   responding to civil discovery, it agrees that his response to defendant's RFA number 1 is

15   unclear, as it is not clear whether plaintiff "admits" or "denies" the statement.  If plaintiff wishes

16   to admit the truth of the statement, he should respond to the RFA by stating "admit."  If, on the

17   other hand, plaintiff wishes to deny the statement, he should respond to the RFA by stating

18   "deny" or stating in detail why he cannot truthfully admit it or deny it and further complying

19   with the procedure set forth in Rule 36(a)(4).  Accordingly, the court will grant defendant

20   Solomon's motion to compel further response to his RFAs, set one, number 1.

21         As to RFA numbers 2 and 3, while plaintiff did not specifically state "deny," his

22   responses make it reasonably clear that he denies the RFAs by providing the reason(s) why he

23   believes those statements are untrue.  However, for the sake of clarity and because plaintiff must

24   supplement his RFA responses in any event to respond to RFA number 1, the court will grant

25   defendant Solomon's motion to compel further responses to his RFAs, set one, numbers 2 and 3

26   so that plaintiff may state expressly whether such statements are admitted or denied and

                                                6

1    otherwise comply with the procedure set forth in Rule 36(a)(4).

2        **B. Interrogatories**

3        Defendant Solomon first argues that plaintiff should be ordered to serve a verification of

4    his interrogatory responses pursuant to Rule 33(b)(3), which provides that "[e]ach interrogatory

5    must, to the extent it is not objected to, be answered separately and fully in writing and under

6    oath."  Plaintiff signed his interrogatory responses but failed to verify that such responses were

7    made under oath.  Conway Decl., Ex. E.  Accordingly, the court will grant defendant Solomon's

8    request and order plaintiff to serve on defendant Solomon a signed verification that the

9    interrogatory responses provided on May 18, 2010 were made under oath.

10       Defendant Solomon next argues that plaintiff's response of "See Plaintiff's Amended

11   Complaint" to his Special Interrogatories, Set One, numbers 1-4, 10-12, 17, 19-20, and 22-25

12   was deficient.  Having reviewed the interrogatories, the court finds that plaintiff's response to

13   numbers 1-3, 10, and 11 was adequate.  These interrogatories sought specific facts regarding the

14   alleged denial of medical care by defendant Solomon, and plaintiff's amended complaint

15   provides such facts.[2]  *See* Dckt. No. 12, Am. Compl. at 5.  Contrary to Dr. Solomon's assertion

16   _____

17       [2] Special Interrogatories, numbers 1-3, 10, and 11 stated:

18   Interrogatory no. 1: Please state all facts which support YOUR contention that
     defendant Dr. Solomon violated YOUR civil or constitutional rights.

19
20   Interrogatory no. 2: Please identify each civil or constitutional right that YOU
     contend was violated by defendant Dr. Solomon.

21   Interrogatory no. 3: Please describe each and every act or omission by defendant
     Dr. Solomon that YOU contend was a violation of YOUR civil or constitutional
22   rights.

23   Interrogatory no. 10: For each occasion identified in YOUR response to
     Interrogatory No. 9 above [providing: State the date of every occasion on which
24   YOU allege that Dr. Solomon denied YOU adequate medical care."], describe in
     detail each and every act or omission by Dr. Solomon that YOU allege to have
25   been a denial of adequate medical care.

26   Interrogatory no. 11: Describe every injury that YOU allege was caused by any
     act or omission set forth in YOUR response to Interrogatory 10 above.

1  that the responses will force him to "comb the complaint and guess which allegations, if any,

2  plaintiff believes to contain" responsive information (Def. Solomon's Mot. to Compel at 6), the

3  allegations in the amended complaint involving Dr. Solomon are straightforward and contained

4  in four simple paragraphs.  Accordingly the court will deny defendant Solomon's motion to

5  compel plaintiff's further response to his Special Interrogatories, Set One, numbers 1-3, 10, and

6  11.

7      The court finds that plaintiff's response by reference to the complaint was deficient as to

8  Special Interrogatories, numbers 4, 12, 22, and 24-25, however.  These interrogatories requested

9  identification of documents or witnesses and such information was not included in the amended

10  complaint.[3]  Accordingly, the responses were evasive or incomplete and thus an order

11  compelling further responses is appropriate under Rules 37(a)(3)(B)(iii) and (a)(4).  In addition,

12  because interrogatories 17, 20, and 23 were tied to plaintiff's responses to defendant Solomon's

13  RFA numbers 1-3 and the court has ordered plaintiff to supplement those responses, *infra*, the

14  court will also order plaintiff to supplement his responses to interrogatories 17, 20, and 23 in

15  ////

16  _____

17  Conway Decl., Ex. B.

18      [3] Special Interrogatories, numbers 4, 12, 22, and 24-25 stated:

19  Interrogatory no. 4: Please DESCRIBE all WRITINGS that support YOUR
   contention that defendant Dr. Solomon violated YOUR civil or constitutional
   rights.

20  
21  Interrogatory no. 12: Please DESCRIBE all WRITINGS that refer or relate to
   each and every act or omission described in YOUR response to Interrogatory No.
   10 above.

22  
23  Interrogatory no. 22: DESCRIBE all WRITINGS that refer or relate to the facts
   stated in YOUR response to interrogatory 20 above.

24  Interrogatory no. 24: IDENTIFY all witnesses with knowledge of the facts stated
   in YOUR response to interrogatory 23 above.

25  
26  Interrogatory no. 25: DESCRIBE all WRITINGS that refer or relate to the facts
   stated in YOUR response to interrogatory 23 above.

accordance with his supplemented responses to RFA numbers 1-3.[4]

Defendant Solomon also argues that plaintiff's response to Special Interrogatory number 19 was deficient, in that he responded to a request for a description of writings by referring to a list of witnesses provided in response to an earlier interrogatory.[5]  The court agrees that plaintiff's response to interrogatory number 19 was evasive or incomplete under Rules 37(a)(3)(B)(iii) and (a)(4) and thus will grant defendant Solomon's motion to compel a further response to that interrogatory.

**C.  Requests for Production**

Defendant Solomon contends that plaintiff's responses to several RFPs (numbers 4, 8, and 9-11) were deficient because they did not state that inspection and related activities will be

---

[4] Special Interrogatories, numbers 17, 20, and 23 stated:

Interrogatory no. 17: If in YOUR response to Dr. Solomon's Request for Admissions, Set no. One, request no. 1, you deny that defendant, Dr. Solomon never acted at any time with deliberate indifference with respect to any serious medical need by YOU, state all facts upon which YOU base YOUR response.

Interrogatory no. 20: If in YOUR response to Dr. Solomon's Request for Admissions, Set no. One, request no. 2, you deny that defendant, Dr. Solomon did not interfere with the delivery of the orthopedic consult that defendant Dr. Mahmoud ordered for YOU on November 17, 2004, state all facts upon which YOU base YOUR response.

Interrogatory no. 23: If in YOUR response to Dr. Solomon's Request for Admissions, Set no. One, request no. 3, you deny that defendant, Dr. Solomon had no authority or control over the time of delivery of the orthopedic consult that defendant Dr. Mahmoud ordered for YOU on November 17, 2004, state all facts upon which YOU base YOUR response.

Conway Decl., Ex. B.

[5] Special Interrogatories, Set One, number 19 and plaintiff's response:

Interrogatory no. 19: DESCRIBE all WRITINGS that refer or relate to the facts stated in YOUR response to interrogatory 17 above.

Response: See Plaintiff's response to no. 5: witnesses. [Plaintiff's response to interrogatory number 5 was a list of witnesses]

Conway Decl., Ex. E.

permitted, as required by Rule 34(b)(2)(B).  Defendant Solomon also finds the content of the

responses inadequate.  The court will address each RFP in turn.

> Request No. 4: All WRITINGS described in YOUR response to defendant Dr.
> Solomon's Special Interrogatories, Set One, interrogatory 4.

> Response: See Plaintiff's exhibit "A" through "O."

Conway Decl., Ex. F.  Defendant Solomon argues that plaintiff's response to RFP number 4

"makes no sense given his response to interrogatory number 4" (which was: "See Plaintiff's

Amended Complaint.").  This court has determined, *infra*, that plaintiff's response to

interrogatory number 4 was inadequate because he failed to describe writings as the

interrogatory requested.  However, in response to RFP number 4, plaintiff provided defendant

Solomon with exhibits A through O.  Defendant Solomon raises no argument that these

documents are not relevant – in interrogatory number 4, defendant Solomon asked for a

description of documents supporting plaintiff's contention that defendant Solomon violated his

civil or constitutional rights, and exhibits A through O appear to be such documents.  To the

extent that plaintiff, in supplementing his response to interrogatory number 4, identifies

additional documents not included in exhibits A through O as supporting his contention that

defendant Solomon violated his civil or constitutional rights, the court will order plaintiff to also

supplement his response to RFP number 4.  However, if no further documents are described in

response to interrogatory number 4, plaintiff need not supplement his response to RFP number 4.

> Request No. 8: All WRITINGS described in YOUR response to defendant Dr.
> Solomon's Special Interrogatories, Set One, interrogatory 19.

> Response: James Oliver, Dr. Noriega, Dr. Samir Mahmoud, Dr. Solomon.

Conway Decl., Ex. F.  Here, plaintiff has responded to a request for production of documents by

listing witnesses.  This response is accordingly incomplete or evasive.  For this reason, and

because plaintiff further failed to state that inspection of responsive documents not provided will

be permitted, an order compelling plaintiff to provide a further response to defendant Solomon's

1  RFPs, Set One, number 8 is appropriate.

2      As to RFPs 9-11, plaintiff provided argument in response to defendant Solomon's

3  requests for documents.[6]  Plaintiff's responses are inadequate in that plaintiff fails to provide

4  responsive documents (if he has them), or state that inspection will be allowed of such

5  documents.  Accordingly, an order compelling plaintiff to provide a further response to

6  defendant Solomon's RFPs, Set One, numbers 9-11 is appropriate.

7      Defendant Solomon seeks 45 days from the receipt of plaintiff's supplemental discovery

8  responses to file another motion to compel, if necessary, and an extension of the dispositive

9  motion deadline provided in the April 12, 2010 discovery and scheduling order.  The court will

10  order plaintiff to provide the supplemental responses within 30 days of the date of this order and

11  will grant defendant Solomon 30 days from the receipt of the supplemental responses to file any

12  necessary motion to compel.  As the court has determined that the dispositive motion deadline

13  _____

14      [6] RFPs 9-11, and plaintiff's responses:

15  Request No. 9: All WRITINGS described in YOUR response to defendant Dr.
   Solomon's Special Interrogatories, Set One, interrogatory 22.

16      Response: Dr. Solomon failed to act on Dr. Mahmoud's request for
17      Medical services (urgent) treatment See Civil Amended Complaint page 5.

18  Request No. 10: All WRITINGS described in YOUR response to defendant Dr.
   Solomon's Special Interrogatories, Set One, interrogatory 25.

19      Response: Dr. Solomon was supposed to follow Dr. Mahmoud's
20      Recommendation for Medical Services, relating to (urgent) treatment of
       Plaintiff.

21  Request No. 11: All WRITINGS evidencing, referring, or relating to any facts
22  that support, evidence, justify, show the basis of, and/or provide the manner in
   which YOU calculated the $350,000 of monetary damages alleged in your
23  complaint.

24      Response: Pain and suffering, the value of plaintiffs arm (limited range of
       motion) irreparable physical functioning which can not be replaced or
       restored, future medical bills, future medications, future therapy, chronic
25      pain . . . .

26  Conway Decl., Ex. F.

should be extended until January 7, 2011 in response to defendant Mahmoud's motion to modify the discovery and scheduling order, *infra*, it is the court's hope that sufficient time has been provided to complete discovery and prepare any dispositive motions.  The court will not extend the dispositive motion deadline further absent a showing of good cause.

**V.     Order**

Accordingly, it hereby is ORDERED that:

1.  Plaintiff's May 18, 2010 Motion to Substitute, Docket No. 71, is denied without prejudice to plaintiff bringing a new motion to substitute identifying a proper party to be substituted in place of defendant Thor;

2.  Defendant Mahmoud's July 2, 2010 Motion to Modify the Discovery and Scheduling Order, Docket No. 76, is granted, and the schedule is modified as follows:

a.  Defendant Mahmoud shall have up to and including October 7, 2010 to propound written discovery on plaintiff and to file any necessary discovery motions; and

b.  All defendants shall have up to and including January 7, 2011 to file dispositive motions;

3.  Defendant Solomon's July 9, 2010 Motion to Compel and Modify Scheduling Order is granted in part as follows, and is otherwise denied:

a.  Within 30 days of the date of this order, plaintiff shall provide to defendant Solomon supplemental responses to the following discovery requests as provided in this order and in compliance with Federal Rules of Civil Procedure 26, 33, 34, 36, and 37 and Eastern District of California Local Rules 33-250.2, 34-250.3, and 36-250.4:

i.  Defendant Solomon's Request for Admissions, Set One, numbers 1-3;

ii.  Defendant Solomon's Special Interrogatories, Set One, numbers 4, 12, 17, 19, 20, and 23-25;

iii.  Defendant Solomon's Request for Production of Documents, Set One, numbers 8-11, and number 4 to the extent plaintiff identifies documents in addition to Exhibits A

1    through O in supplementing his response to Defendant Solomon's Special Interrogatories, Set

2    One, number 4;

3              b.  Within 30 days of the date of this order, plaintiff shall provide to defendant

4    Solomon a signed verification that the responses he provided to defendant Solomon's Special

5    Interrogatories, Set One, on May 18, 2010 were made under oath;

6              c.  Within 30 days of receipt of plaintiff's supplemental discovery responses

7    ordered herein, defendant Solomon shall file any necessary motion to compel with regard to such

8    supplemental responses.

9         SO ORDERED.

10   Dated:  August 27, 2010.

                                          EDMUND F. BRENNAN
                                          UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26