IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES OLIVER,

        Plaintiff,                        No. CIV S-06-0390 MCE EFB P

    vs.

TOM CAREY, et al.,

        Defendants.             <u>ORDER</u>

                              /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently pending before the court are plaintiff's Request for Production of Documents (Dckt. No. 83), Motion to Compel (Dckt. No. 78), "Substitution of (Decease) Parties Dr. D. Thor M.D." (Dckt. No. 84), and Motion to Substitute (Dckt. No. 87). For the reasons provided below, plaintiff's request for production of documents is stricken, the motion to compel is denied, and the motion to substitute is denied. The document entitled "Substitution of (Decease) Parties Dr. D. Thor M.D." (Dckt. No. 84) is construed as a request to modify the discovery and scheduling order and, so construed, is granted. The court further grants plaintiff an extension of the discovery deadline for the limited purpose of propounding discovery on defendant Mahmoud.

////

## I. Background

This action proceeds on the December 20, 2006 amended complaint in which plaintiff alleges that defendants were deliberately indifferent to his serious medical needs by failing to appropriately respond to and treat a condition in his elbow and triceps. Dckt. No. 12, Am. Compl. at 3-5. The court ordered service of the complaint on defendants Noriega, Mahmoud, Solomon, and Thor on May 5, 2009. Dckt. No. 29. On March 10, 2010, the court ordered defendants Solomon, Thor, and Noriega to file an answer within 30 days of that date. Dckt. No. 59. The same day, the court again ordered service on defendant Mahmoud, who had not yet been served. Dckt. No. 60. Defendant Solomon filed an answer on March 22, 2010, and defendants Noriega and Thor filed an answer on April 8, 2010. Dckt. Nos. 64, 65.

On April 28, 2010, counsel for defendants Thor and Noriega filed a suggestion of death under Federal Rule of Civil Procedure 25(a), informing the court that defendant Thor had died. Dckt. No. 68. The suggestion of death was served on plaintiff and counsel for then-defendant Solomon (who has since been dismissed pursuant to stipulation of the parties), but was not served on any successor to or representative of Dr. Thor.

On April 12, 2010, the court issued a discovery and scheduling order, setting the following deadlines: (1) for requesting written discovery at May 7, 2010, (2) for completing discovery and filing discovery motions at July 9, 2010, and (3) for filing dispositive motions at October 1, 2010. Dckt. No. 67. Defendant Mahmoud returned an executed waiver of service on May 12, 2010. Dckt. No. 69.

By order dated September 30, 2010, the court granted defendant Mahmoud's request to modify the discovery and scheduling order, ordering that defendant Mahmoud shall have up to and including October 7, 2010 to propound written discovery on plaintiff and to file any necessary discovery motions and that all defendants shall have up to and including January 7, 2011 to file dispositive motions. Dckt. No. 79. By the same order, the court denied plaintiff's motion to substitute CSP-Solano Chief Medical Officer Alvaro C. Traquina M.D. in for deceased

defendant Thor, without prejudice to a motion to substitute a proper party under Federal Rule of Civil Procedure 25(a).

## II.     Substitution of Parties

Plaintiff has filed two documents regarding the substitution necessitated by Dr. Thor's death.  In a document entitled "Substitution of (Decease) Parties Dr. D. Thor M.D." (Dckt. No. 84), plaintiff requests production of documents to obtain the name of the executor or conservator of Dr. Thor's estate so that he can substitute that person under Rule 25(a).  In his Motion to Substitute (Dckt. No. 87), plaintiff asks the court to provide him with the name of Dr. Thor's executor or conservator.

Courts have held that executors, administrators or distributees of distributed estates are proper parties for substitution of a deceased party under Rule 25(a).  *See Sequoia Prop. & Equip. Ltd. P'ship v. United States*, No. CV-F-97-5044, 2002 U.S. Dist. LEXIS 15872, 2002 WL 32388132 at *2 (E.D. Cal. June 3 2002); *Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516, 336 U.S. App. D.C. 86 (D.C. Cir. 1999).  Substitution under Rule 25(a) is problematic in cases such as this one, where the plaintiff is incarcerated and pro se and has limited ability to ascertain the identity of the proper party to substitute for a deceased defendant, and where the defendant who filed and served the suggestion of death did not identify or serve that suggestion on the deceased's successor.  Indeed, many courts have found that the party who files and serves the suggestion of death has, at the least, an obligation to make a good-faith effort to identify the deceased's successor.  *See Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (indicating that, where the suggesting party knows the identity of the deceased's successor, it must serve the suggestion of death on that non-party); *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1988) (stating that it is generally appropriate to require the party serving the suggestion of death to identify the successor or representative of the decedent); *Susko v. City of Weirton*, No. 5:09CV1, 2010 U.S. Dist. LEXIS 74093, *7-8 (N.D. W.Va. July 22, 2010) (finding that the suggestion of death must be served on the non-party representative of the deceased); *Stewart v.*

*Eiler*, No. 08-1033, 2009 U.S. Dist. LEXIS 47654, *3-4 (C.D. Ill. June 8, 2009) (finding that defendants should make a good-faith attempt to identify the representative or successor of a deceased defendant); *Antoine v. V.I. Port Auth.*, No. 2001/63, 2009 U.S. Dist. LEXIS 55692, *10-11 (D. V.I. July 23, 2008) (stating that most courts have construed Rule 25(a) to require that the suggesting party serve the suggestion of death on the deceased's successor).

Cognizant of these difficulties, the court will construe plaintiff's request for production of documents (Dckt. No. 84) as a request to modify the discovery and scheduling order to permit plaintiff to propound discovery requests on defendants limited to requests designed to ascertain the identity of the proper party to be substituted for defendant Thor. So construed, the request is granted, and plaintiff shall have 45 days from the date of this order to propound such discovery on defendants and to file any related motion to compel. Accordingly, plaintiff's motion to substitute (Dckt. No. 87) is denied as premature. Once plaintiff ascertains the identity of Dr. Thor's successor, he may file a motion to substitute that individual, along with a request that the U.S. Marshal serve that individual with the motion to substitute as provided by Rules 25(a) and 4(c)(3). Should plaintiff be unable to learn the identity of the proper party through discovery, he may file an appropriate motion seeking further assistance.

**III.     Discovery Motions**

Plaintiff has filed a request for production of documents with the court. Dckt. No. 83. Interrogatories, requests for production, requests for admission, responses and proofs of service thereof "shall not be filed with the clerk until there is a proceeding in which the document or proof of service is at issue. When required in a proceeding, only that part of the request and response that is in issue shall be filed." Local Rules 250.2-250.4. Accordingly, plaintiff's request for production of documents was filed unnecessarily and is stricken.

Plaintiff has also filed a motion to compel defendants' responses to his interrogatories and requests for production, which he submitted to defendants in late June and July of this year.

////

4

1 Defendants Thor and Noriega did not respond to the discovery requests because they were
2 served past the discovery cut-off provided in the April 12, 2010 discovery and scheduling order.
3 Defense counsel further noted that discovery as to defendant Thor was moot because he had
4 died. Defendant Mahmoud did not respond to the requests because he had entered the case after
5 the discovery and scheduling order issued and no party had yet obtained modification of the
6 order to provide for discovery specific to him.

7 Plaintiff concedes that his discovery requests were not timely.  In seeking an order
8 compelling defendants to respond, he relies heavily on his pro se status and argues that, even if
9 the requests were late, defendants should have responded.  "Pro se litigants must follow the same
10 rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.
11 1987).  Defense counsel informed plaintiff several times that his discovery requests to
12 defendants Thor and Noriega were untimely.  Plaintiff's remedy is not through a motion to
13 compel response to his deficient discovery requests, but rather to timely seek an extension of the
14 discovery deadline from the court under Federal Rule of Civil Procedure 16.  Plaintiff has not
15 done so.  Accordingly, his motion to compel responses from defendants Thor and Noriega must
16 be denied.

17 Defendants ask the court for the opportunity to seek sanctions against plaintiff for filing
18 the motion to compel under Rule 37.  Defendant correctly notes that plaintiff's motion to compel
19 was without merit and legally unsupported.  However, in light of plaintiff's pro se status, the
20 court declines to impose sanctions in this instance.  Fed. R. Civ. P. 37(a)(5)(B).  Plaintiff,
21 however, is again admonished that he must abide by the orders of the court, the local rules, and
22 the Federal Rules of Civil Procedure.  The court may impose sanctions in the future should
23 plaintiff fail to adhere to those rules or file frivolous motions.

24 As to defendant Mahmoud, the court recognized in its order of September 30, 2010 that
25 he had not yet answered the complaint when the discovery and scheduling order issued, and
26 accordingly modified the schedule to permit defendant Mahmoud to propound written discovery

and file any necessary motions to compel until October 7, 2010. In fairness, the court must also extend the discovery deadline for the limited purpose of allowing plaintiff to propound discovery on defendant Mahmoud. Accordingly, plaintiff shall have until March 24, 2011 to propound discovery on defendant Mahmoud and to file any related motion to compel.

**V.     Order**

Accordingly, it hereby is ORDERED that:

1. Plaintiff's September 8, 2010 "Substitution of (Decease) Parties Dr. D. Thor, M.D." (Dckt. No. 84) is construed as a request for an extension of the discovery deadline and, so construed, is granted, and plaintiff shall have 45 days from the date of this order to propound discovery on defendants for the limited purpose of ascertaining the identity of the proper party to be substituted for defendant Thor under Federal Rule of Civil Procedure 25(a);

2. Plaintiff's October 1, 2010 Motion to Substitute (Dckt. No. 87) is denied without prejudice as premature;

3. Plaintiff's September 8, 2010 Request for Production of Documents (Dckt. No. 83) is stricken;

4. Plaintiff's August 25, 2010 Motion to Compel (Dckt. No. 78) is denied; and

5. Plaintiff shall have until March 24, 2011 to propound discovery on defendant Mahmoud and to file any related motion to compel.

SO ORDERED.

Dated: January 24, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE