IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES OLIVER,

      Plaintiff,                    No. CIV S-06-0390 MCE EFB P

    vs.

TOM CAREY, et al.,

      Defendants.               <u>ORDER AND</u>
<u>FINDINGS AND RECOMMENDATIONS</u>

          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants move for summary judgment. Dckt. No. 91. For the reasons that follow, the court concludes that summary judgment should be granted in favor of defendants Noriega and Mahmoud. The court further finds that plaintiff must show cause why his claims against deceased defendant Thor should not be dismissed.

**I.    Procedural Background**

          This action proceeds on the December 20, 2006 amended complaint in which plaintiff alleges that defendant medical doctors were deliberately indifferent to his serious medical needs by failing to appropriately respond to and treat a condition in his elbow and triceps. Dckt. No. 12, Am. Compl. at 3-5. The court ordered service of the complaint on defendants Noriega, Mahmoud, Solomon, and Thor on May 5, 2009. Dckt. No. 29. On March 10, 2010, the court

ordered defendants Solomon, Thor, and Noriega to file an answer within 30 days of that date. Dckt. No. 59. The same day, the court again ordered service on defendant Mahmoud, who had not yet been served. Dckt. No. 60. Defendant Solomon filed an answer on March 22, 2010, and defendants Noriega and Thor filed an answer on April 8, 2010. Dckt. Nos. 64, 65.

On April 28, 2010, counsel for defendants filed a suggestion of death under Federal Rule of Civil Procedure 25(a), informing the court that defendant Thor had died. Dckt. No. 68. Despite several attempts, plaintiff has failed to substitute a proper party for defendant Thor. The court granted plaintiff extended discovery until March 24, 2011 to ascertain the identity of a proper party to be substituted for defendant Thor. Dckt. No. 92. Despite the passage of 5 months since the expiration of that discovery period, plaintiff has not filed a proper motion for substitution. Plaintiff's opposition to defendants' motion for summary judgment makes no mention of defendant Thor. Accordingly, the court will order plaintiff to show cause within 30 days of service of this order why his claims against defendant Thor should not be dismissed. *See* Fed. R. Civ. P. 25(a)(1) ("If the motion [for substitution of a deceased party] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.").

On September 1, 2010, plaintiff voluntarily dismissed his claims against defendant Solomon. Dckt. No. 82. Remaining defendants Mahmoud and Noriega filed a motion for summary judgment on January 21, 2011. Dckt. No. 91.

**II.    Defendant Mahmoud**

Plaintiff states in his opposition to defendants' motion for summary judgment that, "upon review of the records, [plaintiff] does not oppose Summary Judgment with respect to Defendant MAHMOUD." Pl.'s Opp'n to Defs.' Mot. for Summ. J. (hereinafter "Pl.'s Opp'n"), Dckt. No. 98 at 1. Accordingly, summary judgment in favor of defendant Mahmoud should be granted, and the court addresses substantively only the motion for summary judgment as it pertains to defendant Noriega.

2

### III. Factual Background

In his Amended Complaint, filed December 12, 2006, plaintiff alleges that defendant Noriega was deliberately indifferent to the pain he was suffering as the result of an elbow injury because defendant Noriega failed to properly complete paperwork in July 2004 to ensure that plaintiff was timely seen by the orthopedist. Dckt. No. 12 at 4.

The parties do not dispute the following facts[1]: Plaintiff was transferred from R.J. Donovan Correctional Facility to CSP-Solano on July 13, 2004. Defs.' Mot. for Summ. J., Stmt. of Undisp. Facts In Supp. Thereof (hereinafter "SUF"), Dckt. No. 91-1, Nos. 1-2. Defendant Noriega worked as a general physician at CSP-Solano in 2004 and 2005. SUF No. 3. Defendant Noriega saw plaintiff twice in 2004, but did not treat plaintiff with respect to his elbow injury in 2005. SUF Nos. 5-6. Plaintiff first saw defendant Noriega on July 20, 2004, complaining of elbow pain. SUF No. 11. Defendant Noriega filled out a routine referral for plaintiff to see orthopedist Dr. Kofoed. *Id.* The parties dispute whether Defendant Noriega actually submitted the referral. *See* SUF No. 11; Pl.'s Opp'n at 2. Defendant Mahmoud also completed a routine referral for plaintiff to see Dr. Kofoed on November 17, 2004. SUF No. 15. Defendant Mahmoud's request for an orthopedic appointment was approved seven days later. SUF No. 16.

Plaintiff was actually seen by Dr. Kofoed on June 21, 2005, eleven months after he initially saw Dr. Noriega. SUF No. 24. Dr. Kofoed recommended a cortisone injection and a follow-up appointment in four-to-six weeks. SUF No. 31. In Dr. Kofoed's opinion, plaintiff's injury was not an emergency that required immediate surgery, but was rather the type of injury that could resolve without surgical intervention. SUF Nos. 32, 34. Dr. Kofoed treated such injuries conservatively with cortisone injections and rehabilitation therapy for six months to one

---

[1] Plaintiff has failed to reproduce defendants' itemized Statement of Undisputed Facts, admitting those that are undisputed and denying those that are disputed with citations to supporting evidence, as Local Rule 260(b) requires. The court has determined which facts plaintiff disputes from his opposition and supporting evidence. Where plaintiff's opposition and supporting evidence fail to address a fact proffered by defendants as undisputed, the court views the fact as undisputed. Fed. R. Civ. P. 56(e)(2).

3

year prior to surgery to see if the injury would resolve without surgery. SUF Nos. 33-34. When plaintiff reported no improvement with the cortisone injection on August 2, 2005, Dr. Kofoed submitted a routine request for reparative surgery, just over one year after plaintiff initially saw Dr. Noriega. SUF Nos. 35-36. Dr. Noriega sat on the Medical Authorization Review Committee that approved the surgery request. SUF No. 36. Plaintiff received the surgery on December 20, 2005. SUF No. 38.

During 2004-2005, Dr. Kofoed was the only orthopedic specialist available for the inmates at CSP-Solano. SUF No. 26. Dr. Kofoed did not work at the prison, but went there several times a month and was able to see about 40-60 inmates per month. SUF No. 27. There was a backlog of inmates who wanted to see Dr. Kofoed. *Id.* Dr. Kofoed and his orthopedic clinic made their own determinations of the priority of the inmates' needs. SUF 28.

## IV.     Summary Judgment Standards

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and [ ] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushit*a, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on

1 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the
2 initial responsibility of presenting the basis for its motion and identifying those portions of the
3 record, together with affidavits, if any, that it believes demonstrate the absence of a genuine
4 issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th
5 Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the
6 burden then shifts to the opposing party to present specific facts that show there is a genuine
7 issue for trial. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248; *Auvil v.*
8 *CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

9 A clear focus on where the burden of proof lies as to the factual issue in question is
10 crucial to summary judgment procedures. Depending on which party bears that burden, the party
11 seeking summary judgment does not necessarily need to submit any evidence of its own. When
12 the opposing party would have the burden of proof on a dispositive issue at trial, the moving
13 party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National*
14 *Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters
15 which demonstrate the absence of a genuine material factual issue. *See Celotex v. Cattret*, 477
16 U.S. 317, 323-24 (1986). ("[W]here the nonmoving party will bear the burden of proof at trial on
17 a dispositive issue, a summary judgment motion may properly be made in reliance solely on the
18 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). *Id*. at 324.
19 Indeed, summary judgment should be entered, after adequate time for discovery and upon
20 motion, against a party who fails to make a showing sufficient to establish the existence of an
21 element essential to that party's case, and on which that party will bear the burden of proof at
22 trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as
23 whatever is before the district court demonstrates that the standard for entry of summary
24 judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

25 To defeat summary judgment the opposing party must establish a genuine dispute as to a
26 material issue of fact. This entails two requirements. First, the dispute must be over a fact(s)

that is material, i.e., one that makes a difference in the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law, *id.*, which here involves the allegation that defendants were deliberately indifferent to serious medical need for treatment of the plaintiff's elbow and triceps. If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See Anderson*, 477 U.S. at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski,

6

J., dissenting) (citing *Celotex*, 477 U.S. at 322).  If reasonable minds could differ on material facts at issue, summary judgment is inappropriate.  *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).  On the other hand,"[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).  In that case, the court must grant summary judgment.

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).  If the evidence presented and any reasonable inferences that might be drawn from it could not support a judgment in favor of the opposing party, there is no genuine issue.  *Celotex Corp. v. Catrett*, 477 U.S. at 323.  Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that is determinative of the outcome of the case.

On May 5, 2009, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

**V.    Analysis**

A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  "An official's deliberate indifference to a substantial risk of serious harm to an inmate – including the deprivation of a serious medical need – violates the Eighth Amendment." *Conn v. City of Reno*, 572 F.3d 1047, 1054-55 (9th Cir. 2009).  To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious

medical need and that the defendant's response to that need was deliberately indifferent. *Id.* at 1055, quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to treat plaintiff's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  *Conn*, 572 F.3d at 1055.  An officer has been deliberately indifferent if he was actually aware of the plaintiff's serious medical need and did not reasonably respond to the risk.  *Id.* at 1056; *Farmer*, 511 U.S. at 828, 844-45.

Neither a defendant's negligence nor a plaintiff's general disagreement with the treatment he received suffices to establish deliberate indifference.  *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).  Evidence that medical caregivers disagreed as to the need to pursue one course of treatment over another is also insufficient, by itself, to establish deliberate indifference.  *Jackson*, 90 F.3d at 332.

Here, plaintiff's legal claim that defendant Noriega was deliberately indifferent to his elbow injury is predicated entirely on his factual allegations that defendant Noriega failed to file the routine referral to the orthopedist that he filled out for plaintiff on July 20, 2004, or that, if defendant Noriega did file the referral, plaintiff was not timely seen because defendant Noriega made the referral "routine" rather than "urgent."  Pl.'s Opp'n at 1-2, 4-5.

As evidence that defendant Noriega did not file the referral, plaintiff points out that defendant Mahmoud filed a routine referral to the orthopedist for him on November 17, 2004 that was approved only seven days later (SUF Nos. 14-15), that former defendant Solomon submitted a routine request for an MRI on February 11, 2005 that was approved only three days later (SUF No. 18), and that Dr. Kofoed's routine surgery request as approved fifteen days after made on August 2, 2005 (SUF Nos. 35-36).  Plaintiff indicates that these facts imply that defendant Noriega's referral was never approved because it was never filed.  Neither party has submitted any direct evidence showing when or if defendant Noriega's July 20, 2004 referral

was approved. However, in responding to plaintiff's inmate appeal, it was noted that "[y]our records indicate [that] . . . after your examination by Dr. Noriega on July 20, 2004, he referred you to an orthopedic specialist . . ." and that "[y]our name remains on the waiting list to see the orthopedic specialist and as stated to you previously, there is an 8-10 month wait for orthopedic services." Pl's Opp'n, Ex. A, Dckt. No. 98 at 23-24.

      Thus, it is unclear on the evidence before the court whether Dr. Noriega actually filed the referral to Dr. Kofoed. Plaintiff was seen by Dr. Kofoed 11 months after he saw Dr. Noriega, not long outside the normal wait for orthopedic services. Regardless, even if Dr. Noriega failed to file the referral (and plaintiff got on the waiting list only after defendant Mahmoud submitted a referral in November 2004), plaintiff has submitted no evidence other than his own self-serving affidavit that such failure was anything beyond negligent. *See Nilsson v. City of Mesa*, 503 F.3d 947, 952 n.2 (9th Cir. 2007) (explaining that a "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact" (internal quotation marks and citation omitted)). Plaintiff claims that when he saw defendant Noriega on July 20, 2004, he told plaintiff that he did not consider the injury as serious as plaintiff's prior physician at R.J. Donovan, and that he would submit only a "routine" request for the orthopedist (rather than an "urgent" one, as the prior physician had done). Pl.'s Opp'n, Aff't in Supp. Thereof, Dckt. No. 98 at 13. "Plaintiff became agitated by Defendant's dismissive attitude toward his medical treatment, and pressed Defendant NORIEGA to qualify his diagnostic override based on merely glancing through his file, and that based on Plaintiff's questioning, Defendant NORIEGA became angry and openly displayed what Plaintiff can best define as an excited arrogance, stating, 'You don't tell me how to treat you. I tell you. I will order the Orthopedic Consult, but I will determine the urgency." *Id.* at 13-14. Plaintiff's affidavit is totally uncorroborated by any other evidence. More importantly, at most, it simply shows that plaintiff and defendant Noriega disagreed as to whether the referral should be routine or urgent, but no disagreement that the referral should be made. The affidavit does not establish

9

that defendant Noriega harbored such ill will toward plaintiff that he would deliberately refuse to file the referral after he had filled it out. At most, plaintiff's evidence indicates a possibility that somewhere between defendant Noriega filling out the referral and the referral's ultimate destination, some individual failed to process it on to the next individual. Even assuming that defendant Noriega was the individual who failed to process the paperwork (a factual assumption with out evidentiary support) that would establish no more than that defendant Noriega was negligent and negligence alone is insufficient to establish deliberate indifference.

Because plaintiff has not produced evidence upon which a reasonable jury could return a verdict finding that Noriega deliberately refused or materially delayed treatment for a serious medical condition, summary judgment is appropriate as to this claim.

Plaintiff's claim that defendant Noriega was deliberately indifferent by making the request "routine" rather than "urgent" fares no better. As noted above, deliberate indifference cannot be shown based only on a difference of opinion either between medical doctors or between an inmate and his physician as to the proper course of treatment. The evidence shows that, while plaintiff's doctor at R.J. Donovan submitted an "urgent" referral to the orthopedist and plaintiff himself wanted an urgent referral, defendant Noriega, defendant Mahmoud, and Dr. Kofoed all viewed plaintiff's injury as routine. Indeed, defendant Mahmoud, who plaintiff no longer wishes to sue, also issued a "routine" request for an orthopedic consult.

Plaintiff attempts to show that his injury required more swift orthopedic treatment through "eAnswer" responses to questions submitted by his wife online and purportedly replied to by a Dr. Arun Phophalia in Jaipur, India. Pl.'s Opp'n, Decl. in Supp., Ex. A, Dckt. No. 98 at 43-47. This evidence is inadmissible because plaintiff has submitted no declaration from Dr. Phophalia authenticating it, has laid insufficient foundation for it (submitting only an online summary of Dr. Phophalia's credentials) and because Dr. Phophalia has never treated plaintiff and has no personal knowledge of his specific medical situation (other than the very scant facts submitted by plaintiff's wife to the website). *See* Fed. R. Evid. 602, 603, 702, 703, 802.

Because plaintiff has failed to show that defendant Noriega's decision to complete a "routine" rather than "urgent" orthopedic referral constituted anything more than a difference of medical opinion about the proper course of treatment, and because he has also failed to show that if defendant Noriega failed to submit the referral such failure was more than negligent, summary judgment should be granted in favor of defendant Noriega.

**VI.     Order and Recommendation**

Accordingly, it hereby is ORDERED that, within 30 days of the date of this order and findings and recommendations, plaintiff show cause why his claims against defendant Thor should not be dismissed.

It is further RECOMMENDED that the January 21, 2011 motion for summary judgment filed by defendants Noriega and Mahmoud be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 23, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

11