IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES OLIVER,

      Plaintiff,                        No. CIV S-06-00390 MCE EFB P

      vs.

CAREY, et al.,

      Defendants.               <u>FINDINGS AND RECOMMENDATIONS</u>

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Following the court's order of September 30, 2011, the sole remaining defendant in this action is defendant Thor. For the reasons that follow, the undersigned recommends that plaintiff's claims against defendant Thor be dismissed and that the case be closed.

      On April 28, 2010, counsel for defendants filed a suggestion of death under Federal Rule of Civil Procedure 25(a), informing the court that defendant Thor had died. Dckt. No. 68. Despite several attempts, plaintiff has failed to substitute a proper party for defendant Thor. The court granted plaintiff extended discovery until March 24, 2011 to ascertain the identity of a proper party to be substituted for defendant Thor. Dckt. No. 92. Despite the passage of 96 days since the expiration of that discovery period, plaintiff has not filed a proper motion for substitution. Plaintiff's opposition to defendants' motion for summary judgment makes no

mention of defendant Thor. Accordingly, the court ordered plaintiff to show cause why his claims against defendant Thor should not be dismissed. *See* Fed. R. Civ. P. 25(a)(1) ("If the motion [for substitution of a deceased party] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.").

In response, plaintiff argues that, because he is in prison, he is unable to discover the identity of the proper substitute party for defendant Thor. Dckt. No. 107. Plaintiff implies that he has sought the information solely from defense counsel and that defense counsel has refused to provide an answer. *Id.* at 2 ("Plaintiff's incarcerated status does not lend to investigation and discovery of such information without assistance of some outside force or entity and therefore must rely on good faith responses from counsel representing defendants' interests for furtherance of this cause. Plaintiff has not received this good faith effort[.]"). However, plaintiff has provided no copies of correspondence between himself and defense counsel showing that, since the court's January 25, 2011 order granting him extended discovery on the substitution issue, he requested the information and was refused. Nor did plaintiff file a motion to compel or seek other relief from the court in order to ascertain the identity of defendant Thor's substitute within the extended discovery period provided by the court or after.

Because plaintiff has failed to diligently pursue substitution of a proper party for deceased defendant Thor since the court's January 25, 2011 order, it is hereby recommended that:

1. Plaintiff's claims against defendant Thor be dismissed without prejudice; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  Dated:   November 29, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE